UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF PENNSYLVANIA PHILADELPHIA DIVISION

| | |
|---|---|
| **Mohamed Camara,** | |
| Petitioner, | Case No. 2:26-cv-00212 |
| v. | |
| **Warden**, Philadelphia Federal Detention Center, Philadelphia, PA, | |
| **David O'Neill**, Acting Field Office Director, Philadelphia Field Office Immigration and Customs Enforcement, | |
| **Kristi Noem**, Secretary U.S. Department of Homeland Security | |
| **Pam Bondi**, Attorney General, U.S. Department of Justice, | |
| Executive Office for Immigration Review, | |
| Respondents. | |

**ORDER**

**AND NOW,** this 15th day of January, 2026, upon consideration of Petitioner Mohamed Camara's Petition for Writ of Habeas Corpus ("Petition") (ECF No. 1), and Respondents' opposition thereto (ECF No. 5), it is hereby **ORDERED** that the Petition is **GRANTED**.[1]

---

[1] Petitioner Mohamed Camara is a citizen of Guinea who entered the United States on or about December 24, 2023, near Sasabe, Arizona, and was encountered by Border Patrol. After DHS served him with a Notice to Appear and placed him in § 240 removal proceedings, DHS issued a Notice of Custody Determination releasing him on his own recognizance under INA § 236 and 8 C.F.R. part 236. Mr. Camara then filed a Form I-589 application for asylum, withholding of removal, and CAT protection on March 23, 2024, which remains pending in the Philadelphia Immigration Court. For approximately two years after his entry, Mr. Camara resided in the United States and complied with immigration reporting requirements.

It is **FURTHER ORDERED** that:

1. Mohamed Camara is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2).

2. The government shall release Mohamed Camara from custody immediately and certify compliance with this order by filing proof of his release on the docket no later than January 16, 2026 at 4:00 P.M. E.S.T.

3. The government is temporarily enjoined from re-detaining Mohamed Camara for seven days following his release from custody.

4. If the government pursues re-detention of Mohamed Camara, it must first provide him with a bond hearing at which a neutral immigration judge shall determine whether detention is warranted pending the resolution of his removal proceedings.

---

On January 12, 2025, Mr. Camara appeared for a routine ICE check-in at the ICE Philadelphia Field Office and was taken into custody. He was transferred to the Philadelphia Federal Detention Center, where he remains detained. The government is detaining Mr. Camara as if he were subject to mandatory detention under INA § 235, 8 U.S.C. § 1225(b), and has taken the position that he is categorically ineligible for a bond hearing before an Immigration Judge. But Mr. Camara—who has long been physically present in the United States, is in § 240 removal proceedings, and was previously released by DHS—may be detained, if at all, only under INA § 236(a), 8 U.S.C. § 1226(a). Because § 1226(a) governs, the government's continued detention of Mr. Camara without a prompt bond hearing violates the INA and its implementing regulations and deprives him of liberty without due process.

The government argues that this Court lacks jurisdiction to review Mr. Camara's detention and that detention without a bond hearing is mandatory under § 1225(b)(2). See Gov't's Opp'n at 1–5, ECF No. 5. The government acknowledges, however, that "the vast majority—including all decisions in this district (more than 90 to date)—have rejected the government's position," *Id.* at 2, and that it advances these arguments solely to preserve them for appeal. As this Court and numerous others in this District have repeatedly held, § 1225(b)(2) does not govern the detention of noncitizens who, like Mr. Camara, have been residing in the United States and placed in removal proceedings, and detention of such individuals without a bond hearing violates § 1226(a) and the Due Process Clause of the Fifth Amendment. See, e.g., *Picon v. O'Neill*, No. 25-6731, 2025 WL 3634212 (E.D. Pa. Dec. 15, 2025); *Kashranov v. Jamison*, No. 2:25-cv-05555, 2025 WL 3188399 (E.D. Pa. Nov. 14, 2025).

The government raises no materially new arguments here and instead, once again, seeks to "push the same theory uphill," despite courts invariably "send[ing] it rolling back down again." *Rios Porras v. O'Neill*, No. 25-6801, 2025 WL 3708900, at *2 (E.D. Pa. Dec. 22, 2025). For the reasons set forth in *Picon* and *Kashranov*, which the Court adopts herein, the Petition is granted.

5. The government **SHALL NOT** remove, transfer, or otherwise facilitate the removal of Mohamed Camara from the Commonwealth of Pennsylvania prior to the ordered bond hearing.

6. If the immigration judge determines Petitioner is subject to detention under 8 U.S.C. § 1226(a), the government may request permission to move Mohamed Camara if unforeseen or emergency circumstances arise that require his removal from the Commonwealth of Pennsylvania. That request must set forth the grounds for the request and a proposed destination.

7. Petitioner's Motion for a Temporary Restraining Order (ECF 2) is hereby **DENIED AS MOOT.**

BY THE COURT:

_____
Hon. Mia R. Perez